FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 08 2011

Stephan Harris, Clerk
Cheyenne

George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
Telephone: 307-635-3119

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGE JAMES, | ) | Case Number: 11-CV-368-J |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHERYL WADAS; | ) | |
| | ) | |
| WADAS LAW OFFICE; | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| ABBY SHADAKOFSKY d/b/a/ | ) | |
| | ) | |
| PERSONAL COLLECTION SERVICE | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

## COMPLAINT

Plaintiff, GEORGE JAMES (hereinafter "Plaintiff"), based on information and belief, except for those allegations which pertain to the named Plaintiff (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This action arises out of the facts and circumstances surrounding the collection of an

alleged consumer debt. Plaintiff institutes this action for statutory damages, actual damages, and the costs of this action, against the Defendants for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 et seq.

## II. PARTIES

2. Plaintiff is a natural person, residing in Cheyenne, Laramie County, Wyoming.

3. Defendant Cheryl Wadas is the owner of a Wyoming sole proprietorship that is engaged in general practice of law including a minor but regular practice in debt collection, with its principal place of business located at 602 East 20th Street, Cheyenne, Wyoming.

4. Defendant Abby Shadakofsky d/b/a/ Personal Collection Service is a Wyoming sole proprietorship engaged in the business of collecting debts by mail, with its principal place of business located at 1616 East 19th Street #6, Cheyenne, Wyoming

## III. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. § 1692(k).

6. Venue in this Court is proper in that the Defendants transact business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE FDCPA

7. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses 15 U.S.C. § 1692.

8. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

9. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

10. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

11. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

12. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

13. Under the FDCPA, a debt collector may not use any false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(2)(B).

14. Under the FDCPA, a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

15. Under the FDCPA, a debt collector may not use any false representation or deceptive

means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

16. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

17. Under the FDCPA, a debt collector may not attempt collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

18. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

19. The Plaintiff is a consumer as defined by the FDCPA.

20. On September 14, 2011, Plaintiff served his Answer and Counterclaim to the suit Abby Shadakofsky d/b/a Personal Collection Service v. George Russell James, CV2011-2666, in the Circuit Court of the First Judicial District, Laramie County Wyoming.

21. On October 14, 2011, the Circuit Court ORDERED, ADJUDGED, AND DECREED a Default Judgment in favor of Plaintiff because Mrs. Shadakofsky failed to Answer Plaintiff' Counterclaim, a true and correct copy of which is attached as Exhibit 1.

22. Based on information and belief, at some point in time between October 14, 2011, and October 31, 2011, Mrs. Shadakofsky retained or otherwise engaged Ms. Wadas to take over the aforementioned case.

23. On October 31, 2011, Ms. Wadas served Plaintiff with Mrs. Shadakofsky's amended self-disclosing discovery, an excerpt is attached as Exhibit 2.

24. The document states, in part "legal fees estimated to be $3,000.00."

25. Plaintiff alleges that the asking of legal fees is harassment, abuse, and oppression, in violation of 15 U.S.C. § 1692d.

26. Plaintiff alleges that that the asking of legal fees is false, deceptive, and misleading in violation of 15 U.S.C. § 1692e.

27. Plaintiff alleges that the asking of legal fees is a false representation of services and compensation that may be received for the collection of this alleged debt, in violation of 15 U.S.C. § 1692e(2)(B).

28. Plaintiff alleges that the asking of legal fees is a threat to take an action that cannot be taken in violation of 15 U.S.C. § 1692e(5).

29. Plaintiff alleges that the asking of legal fees is a false representation and deceptive means to collect an alleged debt, in violation of 15 U.S.C. § 1692e(10).

30. Plaintiff alleges that the asking of legal fees is unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

31. Plaintiff alleges that the asking of legal fees is an attempt to collect an amount of money that is not authorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

32. Plaintiff alleges that his Counterclaim was not deemed frivolous by a Judge.

33. Plaintiff alleges that the asking of legal fees was meant to scare, deceive, and intimidate Plaintiff into dismissing his Counterclaim.

34. On October 31, 2011, Ms. Wadas served Plaintiff with Mrs. Shadakofsky's Reply to Counterclaim, an excerpt is attached as Exhibit 3.

35. Plaintiff alleges that the reply is untimely.

36. Plaintiff alleges that the reply is barred by the doctrine of res judicata.

37. Plaintiff alleges that the reply was brought to the Laramie County Circuit Court in bad faith.

38. Plaintiff alleges that the reply was brought to the Laramie County Circuit Court to harass, intimidate, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d, 1692e, 1692e(5), 1692e(10), and 1692f.

39. On November 14, 2011, Ms. Wadas served Plaintiff with Mrs. Shadakofsky's First Set of Interrogatories and Production of Documents, an excerpt is attached as Exhibit 4.

40. Plaintiff alleges that interrogatories numbered 8-12 and Production of Documents number 1 are barred by the doctrine of res judicata.

41. Plaintiff alleges that the aforementioned interrogatories and Production of Documents was served to harass, intimidate, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d, 1692e, 1692e(5), 1692e(10), and 1692f.

42. On November 30, 2011, Ms. Wadas served Plaintiff with Mrs. Shadakofky's Duplicate First Set of Interrogatories and Production of Documents.

43. As the title of the document suggests, this document is the same as the document previously served.

44. Plaintiff alleges that interrogatories numbered 8-12 and Production of Documents

number 1 are barred by the doctrine of res judicata.

45. Plaintiff alleges that the aforementioned interrogatories and Production of Documents was served to harass, intimidate, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d, 1692e, 1692e(5), 1692e(10), and 1692f.

46. Plaintiff alleges that the onus is on Defendant Ms. Wadas to read the case file before filing with the Circuit Court and/or serving frivolous documents.

47. Plaintiff asserts that the bona fide error defense is not available to Defendants on matters of law.

## VI. FDCPA VIOLATIONS

48. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the FDCPA include but are not limited to the following:

49. Defendants violated the FDCPA by communicating in an oppressive, abusive and harassing manner, with the intent to annoy, oppress, and harass. As such it is a violation of 15 U.S.C. §1692d, 1692e, and 1692f.

50. Defendants violated the FDCPA by using false and deceptive means to collect an alleged debt. As such it is a violation of 15 U.S.C. §1692e.

51. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included with this Complaint that are oppressive, harassing, and abusive. As such it is a violation of 15 U.S.C. §1692e.

52. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included

with this Complaint that falsely represent services rendered or compensation. As such it is a violation of 15 U.S.C. §1692e(2)(B).

53. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included with this Complaint that threaten an action that cannot be legally taken. As such it is a violation of 15 U.S.C. §1692e(5).

54. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits with this Complaint that are false and deceptive means to collect an alleged debt. As such it is a violation of 15 U.S.C. §1692e(10).

55. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included with this Complaint that use unfair and unconscionable means to collect an alleged debt. As such it is a violation of 15 U.S.C. §1692f.

56. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included with this Complaint that attempt to collect an amount authorized by agreement or by law. As such it is a violation of 15 U.S.C. §1692f(1).

57. Defendants violated the FDCPA by mailing or causing to be mailed the Exhibits included with this Complaint that have elements that are barred by the doctrine of res judicata. As such it is a violation of 15 U.S.C. §1692d, 1692e, and 1692f.

## VII. PRINCIPAL/AGENT

58. It is well established that the attorney-client relationship is one between an agent and his or her principal.

59. Defendant Abby Shadakofsky d/b/a Personal Collection Service is liable for its attorney's

collection practices under the doctrine of apparent authority.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court;

    a. Declare that the Defendants violated the FDCPA;

    b. Statutory damages of $1,000 per Defendant, pursuant to FDCPA 15 U.S.C. § 1692k;

    c. Actual damages to be determined at trial pursuant to FDCPA 15 U.S.C § 1692k;

    d. Court costs, service costs, and reasonable attorneys fees;

    e. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, George James, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: December 8, 2011

George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119