## In The Circuit Court of The First Judicial District
## Laramie County, Wyoming

| | | |
|---|---|---|
| Personal Collection Service | ) | Case Number: <u>CV-2011-0002666</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFAULT** |
| VS. | ) | **CIVIL JUDGMENT** |
| | ) | |
| George Russell James | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court for trial on the 14th of October, 2011.

| PLAINTIFF(S): | DEFENDANT(S): |
|---|---|
| __X__ Appeared in person. | __X__ Appeared in person. |
| _____ Did not appear. | _____ Did not appear, and/or did not answer. |

Based upon the court file and evidence, if presented, the court finds as follows:

<u>IT IS HEREBY ORDERED, CONSIDERED, ADJUDGED AND DECREED</u> as follows:

| _____ Plaintiff has judgment against the Defendant : | | __X__ Defendant has judgment against the Plaintiff : | |
|---|---|---|---|
| In the principal amount of........... $ _____ | | In the principal amount of............. $ _1000.00_ |
| Costs.................................... $ _____ | | Costs................................... $ _____ |
| Other.................................... $ _____ | | Other.................................... $ _____ |
| TOTAL ................................ $ _____ | | TOTAL ................................ $ _1000.00_ |

Interest shall accrue at the rate of 10% per annum unless indicated otherwise.
Other: Plaintiff failed to answer defendant's CounterClaim

**TO THE JUDGMENT DEBTOR:** <u>NOTICE OF RIGHT TO CLAIM EXEMPTION AND TO HEARING:</u>
    You are informed that since a judgment has been entered, the judgment creditor may proceed to seize your property, funds or wages by execution or garnishment. You may be entitled to have the property, funds or wages seized returned to you as exempt from execution or garnishment. Following are possible exemptions, which may be untouchable:

1. Social security benefits pursuant to 42 U.S.C. 407 and supplemental security income;
2. Veteran's benefits;
3. Black lung benefits;
4. Personal opportunities with employment responsibilities (POWER) payments;
5. Federal civil service and state retirement system benefits as provided in 5 U.S.C. 8346 and W.S. Section 9-3-426 and 9-3-620;
6. Worker's compensation benefits;
7. Unemployment compensation benefits;
8. Earnings from personal services as defined by W.S. 1-15-102 (a) (vi);
9. Homestead, personal articles, articles used for carrying on a trade or business to the extent provided by W.S. 1-20-101 through Section 1-20-109;
10. Other exemptions as provided by law.

    <u>IF PROPERTY, FUNDS, OR WAGES ARE EXECUTED ON OR GARNISHED, THEN AND ONLY THEN,</u> may you assert your right to any of the foregoing exemptions and to do so you must file a written request for a hearing with the Clerk of this Court within ten (10) days after seizure of your property, funds or wages. If you fail to make a written request for a hearing to claim one or more of the foregoing exemptions within ten (10) days after seizure of the property, you may waive or lose your right to claim the exemptions. IF NO PROPERTY IS SEIZED OR GARNISHED, YOU HAVE NO RIGHT TO A HEARING!

Dated this __14__ day of October, 2011.

[signature] JUDGE/MAGISTRATE

[seal: State of Wyoming — Circuit Court First Judicial District — Laramie County]

**If you wish to Appeal to District Court, you have 30 days from the date of the Judge's signature.**

Copies given to following parties on the __14__ day of _October_ 2011, by the indicated methods.

| | | | |
|---|---|---|---|
| Plaintiff | ____mail | ____personally | _√_shelf |
| Plaintiff's attorney | ____mail | ____personally | ____shelf |
| Defendant | _√_mail | ____personally | ____shelf |
| Defendant's attorney | ____mail | ____personally | ____shelf |

[clerk's initials]     Clerk's initials

```
C  F I L E D
I            C
R            O
C    2011    U
U            R
I            T
T  [signature]
```

Exhibit 1

1. See attached Fax from Jillanne Wilkinson to Abby Shadakofsky d/b/a Personal Collection Services w/copy of (3) George James checks;
2. See attached letter to Cheryl Wadas from Abby Shadakofsky d/b/a Personal Collection Services; and
3. Letter to Abby Shadakofsky d/b/a Personal Collection Services dated October 15, 2011 from George Russell James entitled Demand for Payment; and
4. A any other documents provided by the opposing party, filed herein as an attachment to any pleading or any document that may become known to the Plaintiff at some future date.

Plaintiff previously served the Defendant with Rule 5 Disclosures on September 28, 2011, and all documents provided therein, which include, a fax transmission from Jillianne to Abby Shadakofsky dated October 6, 2011; three (3) checks from the Defendant to Medicine Wheel dated 12-31-09, 3-31-10, and 4-15-10; a letter from Personal Collection to counsel; and a Demand for Payment dated October 15, 2011, from Defendant.

(C)     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Damages include the principal payment of $1,063.00, service fees and court costs in the amount of $70.00, and legal fees estimated to be $3,000.00.

(D)     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

          Not Applicable

(E)     Exceptions to Disclosures:

          Not Applicable

W.R.C.P. 26(a)(2):
(A)     In addition to the disclosures required by paragraph (1) or (1.1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Wyoming Rules of Evidence:

          1. Abby Shadakofsky d/b/a Personal Collection Services, Plaintiff;
          2. Dr. Tim Sheehan, The Medicine Wheel;
          3. Dr. Tim Sheehan's office assistant, Jillanne Wilkinson; and
          4. George Russell James, Defendant.

(B)     Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the part... involve giving expert testimony be acc... signed by the ...

Cheryl Wadas
Cheryl Wadas Law Office. P.C.
602 East 20ᵗʰ Street
Cheyenne, WY 82001
(307)772-0227 – Phone
(307)778-9755 – Facsimile

## IN THE CIRCUIT COURT, FIRST JUDICIAL DISTRICT, COUNTY OF LARAMIE, STATE OF WYOMING
### Docket Number CV2011-2666

|  |  |
|---|---|
| ABBY SHADAKOFSKY d/b/a PERSONAL COLLECTION SERVICE | ) ) ) |
| Plaintiff, | ) ) |
|  | ) |
| vs. | ) ) |
| GEORGE RUSSELL JAMES, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S REPLY TO COUNTERCLAIM

COMES NOW the Plaintiff, by and through counsel, Cheryl Wadas, and replies to Defendant's *Counterclaim* as follows:

1. Plaintiff denies paragraph I. Preliminary Statement of Defendant's *Counterclaim.*

2. Answering paragraph II. Parties 5 of Defendant's Counterclaim, Plaintiff admits that Defendant is a natural person, residing in Cheyenne, Laramie County, Wyoming, but denies the remainder of paragraph II. Parties 5 of Defendant's Counterclaim.

3. Plaintiff admits paragraph II. Parties 6 of Defendant's *Counterclaim.*

4. Plaintiff denies paragraph III. Jurisdiction and Venue 7 of Defendant's *Counterclaim.*

5. Plaintiff admits paragraph III. Jurisdiction and Venue 8 of Defendant's *Counterclaim.*

6. Answering paragraph IV. Statutory Structure FDCPA 9, 10, 11, 12, 13, 14, 15, 16 and 17 of Defendant's *Counterclaim,* Plaintiff is without information sufficient to form a belief as to the matters and therefore, denies the same.

8. Answering paragraph V. Factual Allegations 18 of Defendant's *Counterclaim.* Plaintiff is without information sufficient to form a belief as to the matters and therefore, denies the same.

9. Plaintiff admits paragraphs V. Factual Allegations 19, 20, 21, 27 and 30 of Defendant's *Counterclaim.*

10. Plaintiff denies paragraphs V. Factual Allegations 22, 23, 24, 25, 26, 29, 36, 37 and 38 of Defendant's *Counterclaim.*



1
copy of t
2011
George R
3422 Cribl
Cheyenne,

Exhibit 3

ANSWER:

7.      Please state whether you or your wife procured services of Dr. Tim Sheehan,
Medicine Wheel Acupuncture, during 2009 and or 2010, and an outstanding balance is owed to the
service provider?

ANSWER:

8.      Please describe in detail any physical or mental health damage you have incurred as
a result of this litigation.

ANSWER:

9.      Please provide the name of any doctor, or mental health provider you have seen or
has treated you as a result of this litigation including but not limited to panic attacks.

ANSWER:

10.     Please state whether or not you have been diagnosed with any mental health illness,
including but not limited to panic attacks, at any time prior to this litigation, and if so, the
approximate date of the diagnosis and the name of the treatment provider.

ANSWER:

11.     Please explain in detail every event which your believe supports your allegation you
set forth in paragraph 50 of your counterclaim alleging that as a result of Plaintiff's outrageous
conduct, Defendant suffered emotional distress, panic attacks, loss of sleep agitation, loss of
consortium, rapid heartbeat, while looking at the documents, loss of appetite, irritability, loss of
concentration, poor work performance due to stress, uncalled for fear, upset stomach, problems
driving due to stress, embarrassment, shame, uncalled for guilt, character assassination, defamation
of character, intentional infliction of emotional distress, negligent infliction of emotional distress,
anxiety, loss of quality of life, permanent record of alleged wrong doing.

ANSWER:

12.     List by name, address and phone number every person who confirms, supports, or
has witnessed the conduct you describe in answer to Interrogatory number 11 above.

Exhibit 4

13.     List by district, county, and docket number all litigation wherein you have been named as a party and the outcome of said litigation.

ANSWER:

The foregoing Interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as August be obtained hereafter by you or any person on your behalf, which will augment or modify any answers now given to these Interrogatories. Such supplemental responses are to be filed and served upon us by you not later than five (5) days before the trial.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests the defendant, produce and permit the Plaintiff and her attorney to inspect and copy the documents listed below at Cheryl Wadas 602 E. 20th St. Cheyenne, Wyoming, 82001 , within 30 days of service of Request for Production of Documents.

1.     All documentation supporting your answer to Interrogatory number 11 above.

2.     Copies of all cancelled checks written to Dr. Sheehan, Medicine Wheel Acupuncture, in the last three (3) years.

3.     A copy of all complaints filed against you for unpaid debt.


**DATED** this 14th day of November, 2011.


Cheryl Wadas, PC, WSB#6-2848
602 East 20th Street
Cheyenne, WY 82001
(307) 772 - 0227