# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-368J |
| | ) |
| CHERYL WADAS and WADAS LAW | ) |
| OFFICE, and ABBY SHADAKOFSKY, dba | ) |
| Personal Collection Service, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY PRETRIAL MOTION AND SETTING DEADLINES

Plaintiff James seeks an order striking defendant Shadakofsky's motion to dismiss. He argues the motion is untimely and he asserts that the motion should be treated as a motion on the pleadings. Among other cases, plaintiff cites *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34 (E.D. Pa. 1990) as authority for his arguments. He does correctly note that the Court may exercise its discretion to treat a Rule 12(b)(6) motion to dismiss filed after an answer as a motion for judgment on the pleadings. The *Scheetz* opinion, discussing Rule

12, states, at p. 36:

> At the outset, the plaintiffs argue that this court should deny the defendants' motions because they were filed after the answer. Federal Rule of Civil Procedure 12(b) states that "[e]very defense ... to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto.... A motion making any of [the named Rule 12(b) defenses] shall be made before pleading if a further pleading is permitted." Accordingly, they maintain, the motion to dismiss Doe must be denied because it was not preserved in the answer and because it is not one of the types of defenses listed under Rule 12(b). In addition, they argue that a motion to dismiss is not one of the authorized forms of motions to be filed after an answer.
>
> The plaintiffs correctly observe that the objection to the fictitious party appears nowhere in the answer. Although this court has located no cases directly on point, many courts have held that defenses not preserved in the answer or made unwaivable by Rule 12(h) are waived. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) (en banc) (Maris, J.); see also, e.g., *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir. 1983); *I. Oliver Engebretson Inc. v. Aruba Palm Beach Hotel & Casino*, 575 F. Supp. 1262, 1263–64 (S.D.N.Y. 1984); *Albachten v. Corbett*, 156 F. Supp. 863, 864 (S.D.Cal. 957). That is certainly the literal reading of the Rule. However, it would be uneconomical to continue an action when later motions raising essentially the same objections would be permissible. Courts have thus interpreted this Rule to permit the court, in its discretion, to reach such motions on the merits. See, e.g., *Beacon Enters., Inc.*, 715 F.2d at 768; *Albachten*, 156 F. Supp. at 864. Cf. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir. 1988) (though 12(b)(6) motion filed after answer impermissible, court will treat it as 12(c) motion). . . .

Provisions of Rule 12 of the Federal Rules of Civil Procedure are also

2

salient to a disposition of the instant motion. The Rule does generally require motions presenting Rule 12(b) defenses to be made before a responsive pleading is filed. Rule 12(b) of the Federal Rules of Civil Procedure further provides, in part:

> (h) Waiving and Preserving Certain Defenses.
>
>> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>>
>>> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>>>
>>> (B) failing to either:
>>>
>>>> (I) make it by motion under this rule; or
>>>>
>>>> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
>>
>> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>>
>>> (A) in any pleading allowed or ordered under Rule 7(a);
>>>
>>> (B) by a motion under Rule 12(c); or

(C) at trial.

There is no question that the Shadakofsky motion to dismiss which James now seeks to have stricken is, at best, minimal and inartful. It states simply:

> Abby Shadakofsky d/b/a Personal Collection Service request[s] a MOTION TO DISMISS all claims against her as Cheryl Wadas, Wadas Law Frim [sic] was granted a Summary judgment and all allegations against Abby Shadakofsky d/b/a Personal Collection Service are based on claims against Wadas law firm and failed to arise out of agency theory.

The Court will deem this as a motion seeking to dismiss for failure to state a claim pursuant to Rule 12(b)(6). After the Court ruled on the Wadas motion for summary judgment, the sole remaining claim was plaintiff's cause of action against Shadakofsky asserting a vicarious liability or agency-based theory of recovery. The Court has not considered the merits of any of the parties' respective positions regarding the remaining claim at this point. The Court finds that considerations of judicial economy and efficiency permit the Court to consider this issue on the merits, in the form of a motion seeking to dismiss this remaining claim pursuant to Rule 12(b)(6) for failure to state a claim.

For these reasons, the Court will deny the motion to strike. The Shadakofsky motion will be treated as a motion seeking dismissal pursuant to Rule 12(b)(6) for failure to state a claim. To facilitate disposition of the Rule

4

12(b)(6) motion, the Court has determined that the following special briefing schedule should be established and will govern hereafter. It is therefore

**ORDERED:**

(1) The Plaintiff's Motion to Strike Defendant's Untimely Pretrial Motion shall be, and is, **DENIED.**

(2) Shadakofsky may file a memorandum or brief in support of her motion to dismiss on or before October 12, 2012.

(3) James may file his memorandum or brief in opposition to Shadakofsky's motion on or before October 19, 2012.

(4) A hearing on the motion will be held on October 30, 2012 at 8:30 a.m., J. C. O'Mahoney Federal Building, 2120 Capitol Avenue, Cheyenne, Wyoming.

Dated this 3rd day of October 2012.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE