John M. Kuker
Elizabeth R. Hinz
Romsa & Kuker, LLC
2123 Pioneer Ave.
Cheyenne, WY 82001
(307) 433-8777

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGE JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 11-CV-368J |
| CHERYL WADAS and WADAS LAW | ) | |
| OFFICE, and ABBY SHADAKOFSKY, | ) | |
| d/b/a Personal Collection Service | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT ABBY SHADAKOFSKY'S MOTION TO DISMISS

**COMES NOW** Defendant Abby Shadakofsky ("Shadakofsky"), by and through her undersigned counsel, Elizabeth R. Hinz of Romsa & Kuker, LLC, and hereby submits the following Memorandum of in Support of her Motion to Dismiss as follows:

### I.    INTRODUCTION AND FACTUAL BACKGROUND

In his First Amended Complaint ("Complaint"), Plaintiff alleges that Defendants violated several provisions of the Fair Debt Collection Practices Act, 29 U.S.C. §§ 1692 et seq., ("FDCPA"). The allegations in the *Complaint,* refer to a civil lawsuit in the Circuit Court, First

Judicial District in the State of Wyoming.  Plaintiff claims that Defendants, by attempting to collect on his delinquent bill, violated the FDCPA.

Defendants Cheryl Wadas and Wadas Law Office ("Wadas"), filed a Motion for Summary Judgment on June 21st, 2012.  This Court entered an "Order Granting Wadas' Motion for Summary Judgment," finding that Judgment should be entered in her favor.  Shadakofsky filed a Motion to Dismiss on September 27th, 2012.  This Court granted Shadakofsky time to file the instant Memorandum in support of her Motion to Dismiss.  A hearing is set for this matter on October 30th at 8:30 a.m.

## II.    STANDARD OF REVIEW

In reviewing a motion under Rule 12(b) (6), the court must accept "as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Unger v. Nat'l Residents Matching Program,* 928 F.2d 1392, 1394-95 (3d Cir.1991) (quoting *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990)).  Dismissal is allowed for failure to state a claim only in those instances where it is clear that no relief could be granted under any set of facts that could be proved.  *Id.* at 1395.

## III.    DISCUSSION AND ARGUMENT – PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE CLAIM

In his Complaint, Plaintiff alleges that Shadakofsky is liable as the principal of her agent, Wadas, for violations of the FDCPA.  *See Complaint, Paragraph 80.*

Likewise, in the Court's *Order Denying Plaintiff's Motion to Strike Defendant's*

*Untimely Pretrial Motion and Setting Deadlines*, the Court declared that the only surviving claim was Plaintiff's cause of action against Ms. Shadakofsky, asserting a vicarious liability or agency-based theory of recovery.  *See page 4.*

However, the Plaintiff's claims against Defendant Wadas have been dismissed via Summary Judgment.  *See, Order Granting "Defendant's Wadas' Motion for Summary Judgment" and Judgment.*

Vicarious liability claims rely on the liability of the agent, holding the principal (the person who benefits by acts of the servant) responsible for its agent's negligent acts.  *McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir. 1979).*  Therefore, logically, if an agent is not liable, neither is the principal.  To complete the analogy, Shadakofsky cannot be vicariously liable for the acts of Wadas if Wadas is not liable for those acts.

### III.    CONCLUSION

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The only claim against Shadakofsky is one based on vicarious liability.    Shadakofsky's agent, Wadas, is not liable on the underlying claim regarding violation of the FDCPA.  Shadakofsky cannot be vicariously liable on the FDCPA claim because her agent, Wadas, was not liable on it.  Plaintiff's Complaint must be dismissed of failure to state a claim upon which relief can be granted.

**RESPECTFULLY SUBMITTED** this 17th day of October, 2012.

**ABBY SHADAKOFSKY,** *Defendant*

By: _____/s/ Elizabeth R. Hinz_____
John M. Kuker; WY Bar No. 6-3452
Elizabeth R. Hinz; WY Bar No. 7-4826
Romsa & Kuker, LLC
Attorneys at Law
217 West 18th Street
Cheyenne, WY  82001
(307)433-8777-Telephone
(307)433-9117-Fax

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT ABBY SHADAKOFSKY'S MOTION TO DISMISS** was served upon the following, this 17th day of October, 2012, as follows:

George James                          [√] U.S. MAIL
3422 Cribbon Ave.                     [  ] FED EX
Cheyenne, WY  82001                   [  ] FAX
gjames1@gmail.com                     [  ] HAND DELIVERED
307-635-3119 – Telephone

_____/s/ Elizabeth R. Hinz_____
ROMSA & KUKER, LLC