FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 OCT 26 AM 8 27

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-368J |
| CHERYL WADAS and WADAS LAW OFFICE, and ABBY SHADAKOFSKY, dba Personal Collection Service, | ) |
| Defendants. | ) |

### ORDER GRANTING DEFENDANT SHADAKOFSKY'S MOTION TO DISMISS

Abby Shadakofsky has filed a motion and memorandum seeking to dismiss the vicarious liability claim asserted against defendant Shadakofsky, dba Personal Collection Services ("Shadakofsky") by plaintiff James. Plaintiff James has filed a timely opposition to the motion.

The background of this case is set out in this Court's prior "Order Granting Defendants Cheryl Wadas and Wadas Law Office's Motion for Summary Judgment." Docket Entry 30. That background information will not be reiterated here. Following entry of summary judgment in favor of Wadas and the Wadas Law Office, the sole remaining claim in the case was the vicarious

1

liability claim asserted by James against Shadakofsky.  James contends that Shadakofsky is liable as the principal of her agent for violations of the Fair Debt Collection Practices Act ("FDCPA").

Shadakofsky's motion[1] seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim.  Because summary judgment has been granted in favor of Wadas and the Wadas Law Office on the underlying claims, Shadakofsky argues she, as the principal, cannot be held vicariously liable for the acts of Wadas and the Wadas Law Office, citing *McClelland v. Facteau*, 610 F.2d 693, 695 (10th Cir. 1979).

In his opposition, James contends that his claim against Shadakofsky has facial plausibility and withstands Rule 12 scrutiny.  He asserts that he has presented sufficient facts in support of his allegations that suggest a plausible claim to relief under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127

---

[1] On September 27, 2012, defendant Shadakofsky filed a pro se motion to dismiss.  James then filed a motion to strike the motion as untimely.  The motion filed by James was denied by order of October 3, 2012.  The Court provided in that order that Shadakofsky could file a supporting memorandum or brief on or before October 12, 2012.  Thereafter, a motion seeking an extension of time to file a brief in support of the motion to dismiss was filed by recently-retained counsel for Shadakofsky.  Docket Entry 35.  The extension was granted by order of October 12, 2012.  Docket Entry 37.

S.Ct. 1955, 167 L.Ed.2d 929 (2007)). He also contends that under the FDCPA Shadakofsky, a debt collector, can be held vicariously liable under the FDCPA for the conduct of the attorney collecting debts on her behalf.

The Court has considered the sufficiency of plaintiff's factual allegations in the prior order on summary judgment. On a motion to dismiss, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005).

> To survive a 12(b)(6) motion to dismiss, a plaintiff must allege that "enough factual matter, taken as true, [makes] his 'claim to relief ... plausible on its face.'" *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009); *see also Gee v. Pacheco,* No. 08-8057, 2010 WL 4909644, at *2-3 (10th Cir. Oct.26, 2010).

*Jordan-Arapahoe, LLP v. Board of Com'rs of the County of Arapahoe, Colo.,* --- F.3d ----, 2011 WL 420439 (10th Cir. 2011).

In *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified what constitutes a "well-pleaded fact" for purposes of a Rule 12 analysis. "[D]etailed factual allegations" are not required, but there must be "more than an unadorned, the

-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. The pleading is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* The facts pled must demonstrate a "plausible" claim, that is, one in which the pleader has shown more than just an abstract "possibility" that the defendant has engaged in actionable misconduct. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010)(quoting *Twombly*, 127 S.Ct. at 1955).

The facts plaintiff relies upon complain that Wadas (and the Wadas Law Office), acting as attorney for Shadakofsky, engaged in improper conduct before the Circuit Court of Laramie County, Wyoming, by erroneously asserting the estimated amount of attorney's fees, late filing of responsive pleadings, and inappropriate discovery requests. This Court has previously determined that the activities of Wadas in the action in Laramie County Circuit Court case No. 2011-2666 were not such that the Wadas defendants were liable to plaintiff under the FDCPA. There are no other allegations as to why Shadakofsky could be vicariously liable for the acts of the Wadas defendants. Because the activities complained of were undertaken by Wadas as counsel for Shadakofsky,

the Court must inquire whether the absence of liability on the part of Wadas permits this Court to find that Shadakofsky remains vicariously liable to plaintiff under the FDCPA as a matter of law. The Court finds that Shadakofsky, as the principal engaging the services of an agent (Attorney Wadas) acting on her behalf who has not violated the FDCPA, cannot be held vicariously liable.

The case cited by defendant, *McClelland*, is not particularly helpful and does not provide a useful analytical tool in this case. However, plaintiff's bare argument that the FDCPA subjects debt collectors (Shadakofsky) to vicarious liability for the collection efforts of their attorneys fails to take the necessary analysis to the next step. A principal will be vicariously liable to a plaintiff when the agent acting on behalf of the principal is liable. Here, Wadas is not liable to plaintiff under the FDCPA and thus, Shadakofsky's vicarious liability as a principal cannot be established.

Elementary agency law provides that a principal is not liable for the negligent acts of an agent when the agent is not acting in furtherance of the principal's business. It naturally follows that where an agent acts in furtherance of the principal's business and is not liable to a plaintiff or third party, the principal cannot be held vicariously liable. See, e.g., Restatement (Third) Agency § 7.03:

§ 7.03 Principal's Liability—In General

(1) A principal is subject to direct liability to a third party harmed by an agent's conduct when

> (a) as stated in § 7.04, the agent acts with actual authority or the principal ratifies the agent's conduct and
>
>> (i) the agent's conduct is tortious, or
>>
>> (ii) the agent's conduct, if that of the principal, would subject the principal to tort liability; or
>
> (b) as stated in § 7.05, the principal is negligent in selecting, supervising, or otherwise controlling the agent; or
>
> (c) as stated in § 7.06, the principal delegates performance of a duty to use care to protect other persons or their property to an agent who fails to perform the duty.

(2) A principal is subject to vicarious liability to a third party harmed by an agent's conduct when

> (a) as stated in § 7.07, the agent is an employee who commits a tort while acting within the scope of employment; or
>
> (b) as stated in § 7.08, the agent commits a tort when acting with apparent authority in dealing with a third party on or purportedly on behalf of the principal.

In *Nelson v. Cavalry Portfolio Servs., LLC*, Unreported disposition, Text

at 2010 WL 1258045, *2, 2010 U.S. Dist. LEXIS 40745, *4-6 (D. Colo. 2010), a Fair Debt Collection Practices Act case, the district court considered similar issues:

> Several courts have held that a principal, which itself qualifies as a "debt collector" under 15 U.S.C. § 1692a(6), may be vicariously liable under the FDCPA for the collection practices of its agents. *See, e.g., Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("[A]n entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf."). Furthermore, a plaintiff generally may join both an agent and a principal in a single action regarding the wrongful conduct of the agent. See Restatement (Second) of Agency § 217B (1958) ("Principal and agent can be joined in an action for a wrong resulting from the tortious conduct of an agent . . ., and a judgment can be rendered against each."). However, such a case cannot result in inconsistent judgments against the agent and the vicariously-liable principal. See Restatement (Second) of Agency § 217B (1958) ("If the action is based solely upon the tortious conduct of the agent, judgments on the merits for the agent and against the principal, or judgments of varying amounts for compensatory damages are erroneous."); see also *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959).
>
> The rationale behind this rule is that it would be logically inconsistent to impose greater or lesser liability on the principal than on the agent when the principal's liability is based solely on the acts of the agent. See Restatement (Second) of Agency § 217B cmt. c (1958). In further support of this principle, a contrary rule could result in double recovery to a plaintiff or in double liability to a defendant. A plaintiff like Mr. Nelson, who has obtained a judgment against an agent, has reduced the value of his claim to a monetary amount. Allowing such a plaintiff to proceed against the principal on the same exact claim would amount to double

recovery.

    Furthermore, indemnification duties between an agent and a principal could result in double payment. Using the present case as an example, Cavalry will be liable to plaintiff for any judgment plaintiff may obtain directly against Cavalry on the vicarious liability claim. Cavalry, however, as the putative principal of National Action, may also owe indemnification to National Action for the earlier judgment. See Restatement (Second) of Agency §§ 438, 439 (1958). In the reverse, National Action, which already disposed of Mr. Nelson's claim against it through the July 10, 2009 offer of judgment, could potentially face additional liability. Under agency principles, National Action may be required to indemnify Cavalry for any judgment that Mr. Nelson obtains against Cavalry based upon Cavalry's vicarious liability for National Action's actions. See Restatement (Second) of Agency §§ 401 cmt. a, 438 (1958).

The rationale suggested in the above cited case leads to a like conclusion here. Where there is no liability on the part of the agent, there can be no inconsistent judgment on a vicarious liability claim against the principal. Considering that the summary judgment was granted in favor of the Wadas defendants, Shadakofsky cannot be vicariously liable to plaintiff. There is nothing left in this case to sustain plaintiff's separate vicarious liability claim against Shadakofsky as a matter of law.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that defendant Shadakofsky's Motion to Dismiss shall be, and hereby is, **GRANTED,** for failure to state a claim.

**Judgment shall be entered accordingly.**

Dated this _25th_ day of October, 2012.

 */s/ Alan B. Johnson*
 ALAN B. JOHNSON
 UNITED STATES DISTRICT JUDGE